```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/14/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT B. ABRAMS,

                 Plaintiff,

-against-

HBM PRENSCIA INC., SPECTRIS INC. and
SPECTRIS PLC,

                 Defendants.

No. 1:19-cv-10357-VEC

**JOINT MOTION FOR ENTRY OF ESI PROTOCOL ORDER**

     The parties in the above-captioned litigation have conferred and have agreed, subject to the Court's approval, to the following plan governing disclosure and discovery of information potentially relevant to this litigation, including electronically stored information ("ESI"), paper documents, data, and other information (together, "Information").

     This Stipulation and [Proposed] Order ("Stipulated Order") will govern discovery in this litigation, including search, disclosure, and production, of potentially relevant Information. Each party reserves the right to seek exceptions, amendments, or modifications to this Stipulated Order by mutual agreement and/or from the Court, and this Stipulated Order shall not be binding on any party once it is dismissed from these proceedings.

**A.  Cooperation**

     1.     The parties will cooperate in good faith regarding all discovery matters and will seek to resolve any disputes through meet and confers as such disputes may arise. The parties each agree to respond reasonably and in good faith to another party's inquiry regarding any discovery matter, and to endeavor to provide an understanding of any efforts taken to comply with any

discovery request so that the parties may have an informed and productive meet and confer for the purpose of addressing any concerns.

2. This Stipulated Order shall be interpreted in a manner consistent with the parties' rights and obligations under any Federal, Local, or Court rule and any Order of this Court. Each producing party reserves all rights to interpose all appropriate objections to all document requests and other discovery requests.

3. The parties agree to take the proportionality considerations addressed in Fed. R. Civ. P. 26(b)(1) into account in the conduct of discovery in this matter. Adopting a tiered or sequenced approach to discovery may be appropriate in order to facilitate future targeted discovery and production from more readily accessible sources of information. The parties agree to continue to consider and confer about the most efficient and cost-effective processes as discovery proceeds.

B. **Exchange of Discovery Materials**

1. Within 30 days of the parties serving their initial disclosures they shall meet and confer in good faith to reach an agreement on methods to be used in searching for or otherwise identifying responsive documents and ESI. This discussion may include, as necessary, identifying custodians, custodial and non-custodial sources of documents, date ranges, file types, or any other proposed method (*e.g.* search terms, or technology aided methodology).

2. The parties shall regularly meet and confer regarding the methods they intend to use or are using as part of the search and filtering process in discovery. Such meet and confers shall include such disclosures that will provide the requesting party sufficient information to understand the process the producing party is employing and to allow the parties to judge the efficacy of such efforts.

3. If a producing party elects to use technology assisted review ("TAR"), it shall meet and confer in good faith regarding the TAR methods it intends to use or are using as part of the

2

search and filtering process in discovery. Such meet and confers shall include such disclosures that will provide the requesting party sufficient information to understand the process the producing party is employing and to allow the parties to judge the efficacy and reliability of such efforts.

4. In the absence of agreement on appropriate search terms, or an appropriate TAR methodology, the following procedure shall apply:

    a. A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology. At any time after this disclosure should the producing party make revisions to search-term or advanced-technology procedures in order to make them more accurate and cost-effective they will disclose to the requesting party those search methods and any revisions.

    b. Focused terms and queries should be employed where applicable; broad terms or queries, generally should be avoided.

    c. The fact that any electronic file has been identified in agreed-upon searches shall not prevent any party from withholding such file from production on the grounds that the file is not responsive, that it is protected from disclosure by applicable privilege or immunity, privacy law or regulation, or order in this case.

5. The parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under section B.2 or where subject to privilege).

6. **Production Format:** The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be agreed between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF. Unless otherwise agreed to by the parties, Microsoft Excel, CSV files, audio, video files, or other database files will be produced in native format. For images which were created from Microsoft word the Producing Party shall also produce metadata showing hidden content. This may not constitute a complete list of files for native production and does not preclude parties from producing other files natively where appropriate.

  a. Any produced native file will be named according to the first Bates number of the corresponding electronic document (*e.g.*, [Production Number].xlsx). The Parties may designate documents as confidential via slip sheets for native files and within the file name (e.g., [Production Number][confidentiality designation].xlsx.

  b. All TIFF formatted documents will be single page, black and white, Group 4 TIFF at 300 x 300 dpi resolution and 8 1/2 X 11 inch page size. If the Receiving Party believes that document(s) needs to be imaged at a higher resolution, different page size, or color in order to adequately understand the contents of specific document(s), it shall make a reasonable request for re-production of the document(s) in the different format. Any such request should be reasonably tailored to the case and shall identify the documents for which re-production is requested by Bates number. If the Parties disagree about whether re-production is appropriate or necessary, they shall meet and confer before bringing the matter to the Court's attention.

c. <u>Paper Documents</u>. All paper documents shall be produced as (1) .TIFF images for black and white documents, or (2) .JPG images for color documents. Such documents shall be accompanied by a cross-referenced load file, including begbates, endbates, source or custodian, and attachment bates range. The Parties do not waive and hereby reserve the right to make responsive documents available for inspection pursuant to Federal Rule of Civil Procedure 34. The parties agree to use reasonable efforts to maintain the family relationships of paper documents by scanning and Bates numbering those documents in sequential order. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. This provision does not obligate any party to produce documents in a manner other than that in which those documents were kept in the ordinary course of business.

d. <u>Production of redacted documents</u>. To the extent that any document produced in TIFF form contains information that is redacted, such documents shall be produced in the form of a redacted TIFF Image, with the extracted text based off the redacted TIFF image. For documents produced in a form other than TIFF, the text should be manipulated to remove redacted information and indicate that redaction has occurred.

e. <u>Bates Numbers</u>. Bates numbers and any confidentiality designations should be electronically branded on each produced image, or as otherwise provided in any discovery confidentiality order and/or protective order concerning protection of confidential or otherwise sensitive information that may be entered by the Court.

f. <u>De-duplication</u>. Except as otherwise provided in this Stipulation, a Party is only required to produce a single copy of a responsive document. Parties should deduplicate

globally, but family, based on industry standards (MD5 or SHA-1 unique 32 or 40 hexadecimal value).

g. Metadata fields. The parties agree that only the following metadata fields need be produced: begbates, endbates, attachment bates range, file extension; custodian; author/from; recipient/to, cc and bcc; title/subject; file name; date and time sent, modified and/or received; CreateDate; LastAccessedDate; LastModifiedDate dupCustodian; dupfilename; dupfilepath and hash value. Should the requesting party need further metadata they will provide to the producing party the metadata needed for a specific document and the reasons for seeking such metadata.

h. No production required. The Parties may exclude from collection, review, and production ESI or data with file extensions that are not able to be processed or natively viewed by standard means, or that typically contain no meaningful user-created data and/or cannot be reviewed in any meaningful format, including those file types contained on the list established by the National Institute of Standards and Technology ("NIST"), including but not limited to: ani; bat; c; cab; cfg; class; dll; ex_; exe; fon; hlp; ico; icon; inf; ini; isu; java; jpa; kqp; mpe; msi; ocx; out; pcd; pcx; reg; sfw; sys; tag; ttf; and xp files.

i. The parties shall periodically in good faith meet and confer regarding the format of production data to modify the production parameters where necessary.

C. **Confidentiality and Privilege**

1. To the extent that any information is redacted or withheld from production under a claim of privilege or other reason, it will be logged accordingly. The privilege log shall include a unique identification number for each document and the basis for the claim (attorney- client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, such as author/recipient or to/from/cc/bcc names; the subject matter or title

and date created. Where there is a chain of privileged e-mails, the producing party need only include one entry on the privilege log for the entire e-mail chain as long as the log entry identifies that the entry refers to an e-mail chain and lists all recipients of the latest email in the chain. Redacted documents need not be logged as long as (a) for e-mails, the bibliographic information is not redacted and (b) for non-e-mail documents, the redaction is noted on the face of the document. With respect to attorney-client privileged or attorney work-product ESI generated for this case after the filing of the complaint, parties are not required to include any such information in privilege logs.

2. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced; or (ii) the producing party provides notice within 45 days of discovery by the producing party of the inadvertent production.

**D.** **Competence of Counsel**

1. Each party in this litigation shall designate counsel sufficiently knowledgeable in matters relating to that party's ESI, collection of ESI, and electronic discovery to ensure competence in the issues that are the subject of this Order.

2. Counsel designated to manage electronic discovery issues in this litigation shall be: (a) knowledgeable about the e-discovery efforts of the parties by whom they are designated; (b) familiar with or have reasonable access to those who are familiar with each party's electronic systems and capabilities sufficient to explain and answer relevant questions about those systems; and (c) knowledgeable or have reasonable access to those who are knowledgeable about the

technical aspects of e-discovery, including electronic document storage, organization, format issues and relevant information retrieval technology, including search methodology.

### E. Authentication

The parties will meet and confer regarding an authentication stipulation concerning documents and ESI produced in this Action.

### F. Confidentiality

Nothing in this Protocol shall supersede or alter any current or future confidentiality order and/or protective order concerning the protection of confidential or otherwise sensitive information.

Dated: January 2, 2020

_____
Jamie M. Brickell
**PRYOR CASHMAN LLP**
7 Times Square
New York, NY 10036
Tel: 212-326-0869
jbrickell@pryorcashman.com

*Attorneys for Plaintiff*

_____
Alan E. Schoenfeld
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
New York, NY 10007
Tel.: (212) 230-8851
alan.schoenfeld@wilmerhale.com

*Attorneys for Defendants*

For good cause shown, it is so ordered:

Dated this 14 day of January, 2020

_____
HON. VALERIE E. CAPRONI

8